PD-0524-15

PD-0524-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/8/2015 8:21:43 AM
Accepted 6/8/2015 4:23:47 PM
ABEL ACOSTA
CLERK

**NO.** _____

## IN THE
## COURT OF CRIMINAL APPEALS OF TEXAS

# RONNIE MACK BARNARD
**Appellant**
**v.**
# STATE OF TEXAS
**Appellee**

# APPELLANT'S PETITION
# FOR DISCRETIONARY REVIEW

Petition from the 54th Judicial District Court of McLennan County, Texas
Trial Court Cause Number 2013-631-C2 and
Cause Number 07-13-00355-CR in the Seventh Court of Appeals of Texas

**LAW OFFICE OF STAN SCHWIEGER**
600 Austin Avenue, Suite 12
P.O. Box 975
Waco, Texas 76703-0975
(254) 752-5678
(254) 752-7792—Facsimile
E-mail: wacocrimatty@yahoo.com
State Bar No. 17880500

FILED IN
COURT OF CRIMINAL APPEALS

June 8, 2015

ABEL ACOSTA, CLERK

## NAMES OF THE PARTIES TO THE FINAL JUDGMENT

### STATE OF TEXAS

Ms. Michelle L. Voirin
Ms. Gabrielle A. Massey
Assistant McLennan County District Attorneys
McLennan County District Attorney's Office
219 North Sixth Street, Suite 200
Waco, Texas 76701

### APPELLANT'S TRIAL COUNSEL

Mr. Samuel L. "Sam" Martinez
Martinez & Martinez
1105 Wooded Acres Dr., Ste 200
Waco, Texas 76710-4449

### TRIAL COURT JUDGE

The Honorable Matt Johnson
54th District Court Judge
McLennan County Courthouse
Waco, Texas 76701

## TABLE OF CONTENTS

NAMES OF ALL PARTIES TO THE FINAL JUDGMENT. . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE
STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . v

GROUND FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x
     The Amarillo court of appeals erred holding an objection was necessary
     for a trial court to force an election of offenses during the State's case in
     chief.

GROUND FOR REVIEW NUMBER ONE RESTATED. . . . . . . . . . . . . . . . . . . . . 1

     A.    Reason for Granting Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     B.    Factual background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     C.    To request or to have entry of a sua sponte order of an in-trial election .
          . . that is the question. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     D.    Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

APPENDIX:      *Barnard v. State*, No. 07-13-00355-CR, 2015 WL 1566734 (Tex.
               App.—Amarillo Apr. 8, 2015, no pet. h.) (mem. op., not
               designated for publication).

# INDEX OF AUTHORITIES

## FEDERAL CASES

*Bullcoming v. New Mexico*,
   131 S. Ct. 2705 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATE CASES

*Amador v. State*,
   275 S.W.3d 872 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Barnard v. State*,
   No. 07-13-00355-CR, 2015 WL 1566734 (Tex. App.—Amarillo Apr. 8, 2015,
   no pet. h.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Bates v. State*,
   305 S.W.2d 366 (Tex. Crim. App. 1957). . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bradley v. State*,
   235 S.W.3d 808 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Cosio v. State*,
   353 S.W.3d 766 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Crawford v. State*,
   696 S.W.2d 903 (Tex. Crim. App. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Crosslin v. State*,
   235 S.W. 905 (Tex. Crim. App. 1921). . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Gigliobianco v. State*,
   210 S.W.3d 637 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jiminez v. State*,
   No. 07- 07-00389-CR, 2009 Tex. App. LEXIS 7555 (Tex. App.—Amarillo
   Sept. 29, 2009, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Molina v. State*,
     No. 05-05-01599-CR, 2006 Tex. App. LEXIS 9670 (Tex. App.–Dallas Nov. 8, 2006, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*O'Neal v. State*,
     746 S.W.2d 769 (Tex. Crim. App. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Phillips v. State*,
     130 S.W.3d 343 (Tex. App.—Houston [14th Dist.] 2004), *aff'd,* 193 S.W.3d 904 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Wilson v. State*,
     3 S.W.3d 223 (Tex. App.—Waco 1999, pet. ref'd). . . . . . . . . . . . . . . . . . . . . 5

## STATE RULES

Tex. R. App. P. 66.3(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Ronnie Mack Barnard requests that this appeal not be presented on oral argument. The law is sufficiently settled, and as such, briefing could adequately suffice to aid this Court in its determination of this issue.

## STATEMENT OF THE CASE
## STATEMENT OF PROCEDURAL HISTORY

The State of Texas indicted Mr. Barnard in cause number 2013-631-C2 as set forth in the chart below:[1]

| 1 | Aggravated Sexual Assault of a Child | "did then and there intentionally or knowingly cause the sexual organ of E.P., a child who was at the time younger than fourteen (14) years of age and not the spouse of Defendant, to contact Defendant's sexual organ . . ." |
| 2 | Aggravated Sexual Assault of a Child | "did then and there intentionally or knowingly cause the mouth of E.P., a child who was at the time younger than fourteen (14) years of age and not the spouse of Defendant, to contact Defendant's sexual organ . . ." |

---

[1] The original indictment contained thirteen counts. On the date of trial, the State abandoned counts I, VIII, and XIII. (2 R.R. at 7). The counts in the table reflect the renumbered remaining counts.

| 3 | Aggravated Sexual Assault of a Child | "did then and there intentionally or knowingly cause the sexual organ of E.P., a child who was at the time younger than fourteen (14) years of age and not the spouse of Defendant, to contact Defendant's sexual organ . . ." |
|---|---|---|
| 4 | Aggravated Sexual Assault of a Child | "did then and there intentionally or knowingly cause penetration of the sexual organ of E.P., a child who was at the time younger than fourteen (14) years of age and not the spouse of Defendant, by means of a vibrator . . ." |
| 5 | Aggravated Sexual Assault of a Child | "did then and there intentionally or knowingly cause the penetration of the sexual organ of E.P., a child who was at the time younger than fourteen (14) years of age and not the spouse of Defendant, by means of Defendant's finger . . ." |
| 6 | Indecency with a Child by Contact | "did then and there, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact with E.P. by touching the genitals of E.P., a child who was at the time younger than seventeen (17) years of age and not the spouse of Defendant, by means of Defendant's hand . . ." |
| 7 | Indecency with a Child by Contact | "did then and there, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact with E.P. by touching the breast of E.P., a child who was at the time younger than seventeen (17) years of age and not the spouse of Defendant, by means of Defendant's hand . . ." |

| 8 | Indecency with a Child by Contact | "did then and there, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact with E.P. by touching the breast of E.P., a child who was at the time younger than seventeen (17) years of age and not the spouse of Defendant, by means of Defendant's genitals . . ." |
|---|---|---|
| 9 | Indecency with a Child by Contact | "did then and there, with the intent to arouse or gratify the sexual desire of any person, cause E.P., a child who was at the time younger than seventeen (17) years of age and not the spouse of Defendant, to engage in sexual contact by causing said E.P. to touch the genitals of the Defendant, by means of E.P.'s hand . . ." |
| 10 | Sexual Assault of a Child | "did then and there intentionally or knowingly cause the sexual organ of E.P., a child who was at the time younger than seventeen (17) years of age and not the spouse of Defendant, to contact Defendant's sexual organ . . ." |
| 11 | Sexual Assault of a Child | "did then and there intentionally or knowingly cause penetration of the sexual organ of E.P., a child who was at the time younger than seventeen (17) years of age and not the spouse of Defendant, by means of Defendant's finger . . ." |

| 12 | Indecency with a Child by Contact | "did then and there, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact with E.P. by touching the genitals of E.P., a child who was at the time younger than seventeen (17) years of age and not the spouse of Defendant, by means of Defendant's hand . . ." |
|----|-----------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 13 | Sexual Assault of a Child | "did then and there intentionally or knowingly cause penetration of the anus of E.P., a child who was at the time younger than seventeen (17) years of age and not the spouse of Defendant, by means of Defendant's finger . . ." |

Trial began on September 11, 2013 in the 54th Judicial District Court with the Honorable Judge Matt Johnson, presiding. After a trial to the jury, Mr. Barnard was found guilty of the indicted offenses.[2] Mr. Barnard elected the jury for punishment, which imposed life sentences on each count, imposed consecutively.[3] Notice of Appeal was timely filed by Mr. Barnard on September 16, 2013.[4] The trial court

---

[2] (4 R.R. 189–91).

[3] (I C.R. at 103–33).

[4] (I C.R. at 135).

certified Mr. Barnard's right to appeal on September 13, 2013.[5]   The Seventh Court

of Appeals affirmed the decision of the trial court on April 8, 2015.[6]

---

[5]        (I C.R. at 134).

[6]        *Barnard v. State*, No. 07-13-00355-CR, 2015 WL 1566734 (Tex. App.—Amarillo Apr. 8, 2015, no pet. h.) (mem. op., not designated for publication).

# GROUND FOR REVIEW

The Amarillo court of appeals erred holding an objection was necessary for a trial court to force an election of offenses during the State's case in chief.

## GROUND FOR REVIEW RESTATED:

The Amarillo court of appeals erred holding an objection was necessary for a trial court to force an election of offenses during the State's case in chief.

This case presents the question of when a trial court abuses its discretion by failing to require the State to elect the offense(s) the State is relying upon for conviction. During trial, several instances of alleged sexual abuse were set forth by the complaining witness. Although State identified discrete instances of actions consistent with the indictment, the trial court failed to force an election at anytime. This matter should be reversed and remanded to the court of appeals to allow further review under the correct standard.

### A.  *Reason for Granting Review.*

The Amarillo court of appeals' decision has decided an important question of state or federal law in a way that conflicts with the applicable decisions of this Court.[7] Mr. Barnard understands that the "principal role" of this Court is to be "the caretaker of Texas law, not the arbiter of individual applications."[8]  However, "the legal

---

[7]  TEX. R. APP. P. 66.3(c).

[8]  *Bradley v. State*, 235 S.W.3d 808, 810 (Tex. Crim. App. 2007) (Cochran, J. concurring in the denial of discretionary review).

ramifications and ripple effect of the lower court's opinion" is such as to require review.[9]

## B.    Factual background.

A 19–year–old married woman at the time of trial, E.P.[10] detailed alleged abuse that continued from about the age of nine or 10 years of age.[11]  E.P. was the daughter of Liese Lehrman, who married Mr. Barnard.[12]  E.P. testified, that despite his being a stepfather, their relationship grew closer.[13]  E.P. testified sexual abuse began with the touching her genitals, and eventually her breasts.[14]  The testimony showed that Mr. Barnard then moved to digital penetration,[15] and eventually sexual intercourse[16] and other sexual acts.[17]  Eventually, E.P.'s mother and Mr. Barnard divorced.  E.P. met her

---

[9]     *Id.*

[10]    Now Emily Hudson.  (3 R.R. at 79).

[11]    (3 R.R. at 95).

[12]    (4 R.R. at 9).

[13]    (3 R.R. at 88–90).

[14]    (3 R.R. at 92).

[15]    (3 R.R. at 95).

[16]    (3 R.R. at 96, 101, 115, 171).

[17]    Several instances are set forth below, but for instance see (3 R.R. at 113).

husband[18] and had discussions of the allegations against Mr. Barnard with him.[19]

Family members notified the police and Mr. Barnard was arrested.

### C.   To request or to have entry of a sua sponte order of an in-trial election . . . that is the question . . .

> In his sole issue, appellant argues the trial court abused its discretion by failing to sua sponte order the State to elect the specific acts it relied on for conviction.  This complaint was not raised in the trial court and is therefore not preserved for our review.[20]

It is the Amarillo court of appeals tunnel vision on this issue that requires review. While it may appear that the failure of Mr. Barnard to request an election waived any error,[21] it is not so here.

The general rule is "where one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction."[22]  Repeatedly throughout its opinion, the Amarillo Court of Appeals found that the lack of objection by Appellant terminated his right to review of the required election:   (1) [t]his complaint was not raised in the trial court and is therefore not preserved for our

---

[18]     (3 R.R. at 27).

[19]     (3 R.R. at 31–33).

[20]     *Barnard*, 2015 WL 1566734, at \*1.

[21]     *Cosio v. State*, 353 S.W.3d 766, 775 (Tex. Crim. App. 2011).

[22]     *O'Neal v. State*, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988).

review[23]; (2) [b]ut the State is not obligated to make an election and error is not shown absent the defendant's timely motion for election.[24]

But the complained of error did not and does not require an objection.

Specifically, Mr. Barnard argued ***the trial court*** failed to force the State's election during the presentation of its case in chief.[25] This issue aligns perfectly with established state law. ***Before the State rests***, the trial court has discretion in directing the State to make an election.[26] ***It is only at the time that the State rests its case in chief***, in the face of a timely request by the defendant, the trial court ***must*** order the State to make its election."[27] So, under established law, no objection is necessary to

---

[23] *Barnard*, 2015 WL 1566734, at *1.

[24] *Barnard*, 2015 WL 1566734, at *2 (citing *O'Neal*, 746 S.W.2d at 771 n.3; *Crawford v. State*, 696 S.W.2d 903, 906 (Tex. Crim. App. 1985) (citing *Bates v. State*, 305 S.W.2d 366, 368 (Tex. Crim. App. 1957)) (on showing of more than one act of intercourse, on the defendant's motion, the State must elect and failure to so order is error); *Jiminez v. State*, No. 07- 07-00389-CR, 2009 Tex. App. LEXIS 7555, at *3 n.3 (Tex. App.—Amarillo Sept. 29, 2009, pet. ref'd) (mem. op., not designated for publication) (noting absent a motion by the defendant to require an election, the State is not required to make an election); *Molina v. State*, No. 05–05–01599–CR, 2006 Tex. App. LEXIS 9670, at *2–3 (Tex. App.—Dallas Nov. 8, 2006, pet. ref'd) (not designated for publication) (appellant did not request an election and appellate court found no authority suggesting the trial court should have ordered an election on its own motion)).

[25] The issue before the Amarillo court of appeals was whether the "trial court's failure to sua sponte order an election as to each the allegations in the various indicted counts . . ." was erroneous. Appellant's Br. at 5.

[26] *Phillips v. State*, 130 S.W.3d 343, 349 (Tex. App.—Houston [14th Dist.] 2004), *aff'd,* 193 S.W.3d 904 (Tex. Crim. App. 2006) (emphasis added).

[27] *Id.* (citing *O'Neal*, 746 S.W.2d at 772; *Crosslin v. State*, 235 S.W. 905 (Tex. Crim. App. 1921).

force a *sua sponte* election before the close of the State's case in chief. It is only after

the close of the State's case that mandates an objection.[28]

Furthermore, the claim by the Amarillo Court of Appeals that they were unable

to find . . . "any authority even intimating the trial court was nevertheless obligated to

order an election sua sponte" is specious, and violates the Rule of Appellate

Procedure.[29] Both the Tenth Court, the transferor court, and the Fourteenth Court of

Appeals have specifically held that a "trial court in its discretion may order the State

to make its election at any time prior to the resting of the State's case in chief."[30]

By such definition, no objection or request was necessary from the defendant.

Such lawful requirements "may not be disregarded . . ."[31] at the court of appeals level.

---

[28]     *Id.*; *accord Wilson v. State*, 3 S.W.3d 223, 225 (Tex. App.—Waco 1999, pet. ref'd).

[29]     TEX. R. APP. P. 41.3. "In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. The court's opinion may state whether the outcome would have been different had the transferee court not been required to decide the case in accordance with the transferor court's precedent."

[30]     *See Phillips*, 130 S.W.3d at 349; *Wilson*, 3 S.W.3d at 225.

[31]     *Cf. Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2718 (2011) (holding that a claimed undue burden on the prosecution resulting from the application of the Confrontation Clause was an insufficient reason to not impose lawful requirements on that party).

Because the Amarillo court of appeals failed to follow this dictate here, this Court should grant review.[32]

### D. Conclusion.

Squarely before this Court is an opportunity to the issue of whether the trial court maintains discretion to order an election prior to the State's resting–with or without a request by the defendant. This Court has stated that is the law. Lower courts have followed this Court's mandate. Review of this decision by the Amarillo court is required to maintain consistency in this State's law.

## PRAYER FOR RELIEF

For the reasons alleged above, Petitioner was denied a fair trial. Mr. Barnard prays that this Honorable Court will grant his Petition, and order a brief on the merits of this case. Following briefing, Mr. Barnard further requests that this Court find in his favor, and remand this matter to the Amarillo court of appeals for further review.

---

[32] *See Amador v. State*, 275 S.W.3d 872, 877 (Tex. Crim. App. 2009) (granting the State's petition under TEX. R. APP. P. 66.3(c) when the lower court failed to follow established case law from this Court); *Gigliobianco v. State*, 210 S.W.3d 637, 640 (Tex. Crim. App. 2006) (granting the defendant's petition under TEX. R. APP. P. 66.3(c)).

Respectfully submitted,

**LAW OFFICE OF STAN SCHWIEGER**


*/s/ Stan Schwieger*
Stan Schwieger
600 Austin Avenue, Suite 12
P.O. Box 975
Waco, Texas 76703-0975
(254) 752-5678
(254) 756-7792—Facsimile
E-mail: wacocrimatty@yahoo.com
State Bar No. 17880500
**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

A copy of the Petition delivered to the McLennan County District Attorney's Office, Waco, Texas, attorney of record for the State of Texas, by this Court's electronic filing service and to the State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, Texas 78711, by first class mail, on June 8, 2015.


*/s/ Stan Schwieger*
Stan Schwieger

**CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4**

1.      This brief complies with the type–volume limitation of TEX. R. APP. P. 9.4(i) because this brief contains 1474 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(2)(D).

2.      This brief complies with the typeface requirements and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been produced on a computer in conventional typeface using WordPerfect X7 in Times New Roman 14 point font in the body of the brief and Times New Roman 12 point font in the footnotes.

3.      The PDF file is free of viruses or any other files that would be disruptive to the Court's computer system. The software used to ensure the brief is virus free is Symantec Norton Internet Security 2014.


/S/ *Stan Schwieger*

Stan Schwieger

2015 WL 1566734
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

DO NOT PUBLISH.
Court of Appeals of Texas,
Amarillo.

Ronnie Mack Barnard, Appellant
v.
The State of Texas, Appellee

No. 07–13–00355–CR    |    April 8, 2015

**On Appeal from the 54th District Court, McLennan County, Texas, Trial Court No. 2013–631–C2, Honorable Matt Johnson, Presiding**

**Attorneys and Law Firms**

Stan Schwieger, for Ronnie Mack Barnard.

Abel Reyna, for the State of Texas.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

James T. Campbell Justice

 **\*1** A thirteen-count indictment accused appellant, Ronnie Mack Barnard, of aggravated sexual assault of a child, indecency with a child by contact, and sexual assault of a child. The State abandoned three of the counts and proceeded to trial on the remaining ten. A jury found appellant guilty of each count. The range of punishment was enhanced by two prior convictions. The jury assessed punishment at life in prison on each count. The trial court imposed the sentences and ordered they run consecutively. We will affirm.

**Analysis**

In his sole issue, appellant argues the trial court abused its discretion by failing to *sua sponte* order the State to elect the specific acts it relied on for conviction.

This complaint was not raised in the trial court and is therefore not preserved for our review. TEX. R. APP. P. 33.1(a)(1); *see Tennyson v. State,* No. 05–00–01194–CR, 2001 Tex.App. LEXIS 3442, at \*3, 2001 WL 569297 (Tex.App.–Dallas May 25, 2001, no pet.)(not designated for publication) (citing appellate rule 33.1(a) and stating "[b]ecause appellant did not request an election after the State rested, we conclude appellant waived his right to require an election at that time"). While appellant contends he may assert his complaint for the first time on appeal because it arises from unobjected-to jury charge error that caused him egregious harm, based on the following analysis we find the trial court did not err. The egregious harm standard

for unobjected-to jury charge error applies only after the appellate court first finds error in the jury charge. *Tolbert v. State,* 306 S.W.3d 776, 779 (Tex.Crim.App.2010) (citing *Posey v. State,* 966 S.W.2d 57, 61 (Tex.Crim.App.1998)).

Moreover, even if properly preserved for our review appellant's issue lacks any merit. As a general rule, when the State's evidence shows multiple instances of conduct conforming to a single indictment allegation, the State must elect the instance on which it will rely for conviction. *Martinez v. State,* 225 S.W.3d 550, 555 (Tex.Crim.App.2007); *O'Neal v. State,* 746 S.W.2d 769, 771 (Tex.Crim.App.1988). Ordering an election by the State "forces it to formally differentiate the specific evidence upon which it will rely as proof of the charged offense from evidence of other offenses or misconduct it offers only in an evidentiary capacity." *Phillips v. State,* 193 S.W.3d 904, 910 (Tex.Crim.App.2006). The election requirement also provides protection of such fundamental rights of the defendant as notice and unanimity thus ensuring "both that the defendant is aware of precisely which act he must defend himself against, and that the jurors know precisely which act they must all agree he is guilty of in order to convict him." *Id.*

Thus, after the State rests its case-in-chief, provided the defendant makes a timely request, the trial court must order the State to elect the act it relies on for conviction. *Phillips,* 193 S.W.3d at 909; *O'Neal,* 746 S.W.2d at 771. The trial court has no discretion to respond otherwise. *Phillips,* 193 S.W.3d at 909; *O'Neal,* 746 S.W.2d at 771. In such instances, the court's failure to order an election is error. *O'Neal,* 746 S.W.2d at 772.

**\*2** But the State is not obligated to make an election and error is not shown absent the defendant's timely motion for election. *O'Neal,* 746 S.W.2d at 771 n.3; *Crawford v. State,* 696 S.W.2d 903, 906 (Tex.Crim.App.1985) (citing *Bates v. State,* 165 Tex.Crim. 140, 305 S.W.2d 366, 368 (1957)) (on showing of more than one act of intercourse, on the defendant's motion, the State must elect and failure to so order is error); *Jiminez v. State,* No. 07–07–00389–CR, 2009 Tex.App. LEXIS 7555, at \*3 n.3, 2009 WL 3102010 (Tex.App.–Amarillo Sept. 29, 2009, pet. refused) (mem. op., not designated for publication) (noting absent a motion by the defendant to require an election, the State is not required to make an election); *Molina v. State,* No. 05–05–01599–CR, 2006 Tex.App. LEXIS 9670, at \*2–3, 2006 WL 3218555 (Tex.App.–Dallas Nov. 8, 2006, pet. refused) (not designated for publication) (appellant did not request an election and appellate court found no authority suggesting the trial court should have ordered an election on its own motion).

In the present case, appellant made no motion requesting an election by the State. We are not shown, nor do we find, any authority even intimating the trial court was nevertheless obligated to order an election *sua sponte*. Such a requirement would effectively make ordering an election a ministerial task. Importantly, it would deny the defendant a significant strategic option [1] and allow a disjointed error-preservation procedure. [2] Appellant's reliance on *O'Neal* is misplaced. The opinion does not support the notion that a trial court has discretion to order an election *sua sponte*. Rather, the *O'Neal* court stated, "Once the State rests its case in chief, *in the face of a timely request by the defendant,* the trial court must order the State to make its election. Failure to do so constitutes error." 746 S.W.2d at 772 (emphasis supplied); *see id.* at 771 n.3 ("[A]ppellant preserved error by his motion to require election. Absent such a motion by the defendant, the State is not required to make an election").

We find that even had appellant preserved his complaint, the trial court had no obligation to *sua sponte* order an election.

### Conclusion

Appellant's issue is overruled and the judgments of the trial court are affirmed.

Footnotes

1  *See Cosio v. State,* 353 S.W.3d 766, 775 (Tex.Crim.App.2011) ( "A defendant may choose not to elect so that the State is jeopardy-barred from prosecuting on any of the offenses that were in evidence. Punishment would then also be limited to the charged offense

only, and, given the jeopardy bar, there is no possibility that the defendant would receive an additional stacked sentence, based on any of the offenses in evidence, down the line" (footnote omitted)).

2    A defendant would necessarily have to object on the record pointing out to the trial court, in a timely manner, its failure to *sua sponte* order an election. *See*TEX.R.APP. P. 33.1(a)(1).

---

**End of Document**    © 2015 Thomson Reuters. No claim to original U.S. Government Works.