Makala D. BRADLEY, Appellant

v.

The STATE of Texas.

No. PD–0887–07.

Court of Criminal Appeals of Texas.

Oct. 17, 2007.

Clement Dunn, Longview, for appellant.

Matthew Paul, State's Attorney, Austin, for state.

## CONCURRING STATEMENT

COCHRAN, J., filed a statement concurring in the refusal of the petition, in which MEYERS, JOHNSON, and HOLCOMB, JJ., joined.

I concur in the Court's refusal of discretionary review based on appellant's failure to comply with the rules of appellate procedure and *Degrate v. State*.[1] From time to time, various members of this Court

issue a reminder that petitions for discretionary review must set forth "grounds for review" stating how the court of appeals erred in the particular case, coupled with "arguments" specifically addressing that error and explaining its general significance to the jurisprudence of Texas.[2] This reminder has the salubrious effect of temporarily decreasing the number of *Degrate* petitions that this Court receives. It is, alas, of only temporary effect. This past week, for example, we reviewed fifty-nine petitions for discretionary review. Nine of those—almost 17% of the total—fell into the *Degrate* category. Thus, once more unto the breach, dear friends.

In the present case, appellant pled guilty to shoplifting about $158.00 worth of goods from Wal–Mart, and she pled "true" to two enhancement paragraphs, making the offense a state jail felony.[3] She elected to have a jury assess her punishment, and it sentenced her to twenty months' imprisonment. Appellant raised one claim on appeal: The trial court erred in allowing the State to cross-examine appellant's mother about an unadjudicated theft.[4] The court of appeals did not address the merits of that complaint because appellant failed to object at the time her mother testified.[5]

In her petition for discretionary review, appellant properly poses the issue:

---

plea, or post-trial motions, such as a motion for new trial).

1.  712 S.W.2d 755 (Tex.Crim.App.1986).

2.  *See, e.g., Gregory v. State*, 176 S.W.3d 826 (Tex.Crim.App.2005) (Holcomb, J., concurring); *King v. State*, 125 S.W.3d 517 (Tex.Crim.App.2003) (Cochran, J., concurring); *State v. Consaul*, 982 S.W.2d 899, 902 (Tex.Crim.App.1998) (Price, J., concurring); *Salinas v. State*, 897 S.W.2d 785 (Tex.Crim.App.1995) (Baird, J., concurring); *Leal v. State*, 773 S.W.2d 296 (Tex.Crim.App.1989) (per curiam).

3.  TEX. PENAL CODE § 31.03(e)(4)(D).

4.  *Bradley v. State*, No. 06–06–00185–CR, 2007 WL 1424658 at *2, 2007 Tex.App. LEXIS 3748 at *5 (Tex.App.-Texarkana May 16, 2007) (not designated for publication).

5.  *Id.* at *2, 2007 Tex.App. LEXIS 3748 at *5 (concluding, "For failure to object to the questioning of Bradley's mother, Bradley has not preserved error; she leaves us with nothing to review.").

The Court of Appeals erred in holding that the Appellant's pretrial objection to an extraneous offense failed to preserve error regarding the State's cross-examination of the Appellant's mother about that unproven extraneous offense.[6]

Depending upon appellant's argument as to why this preservation issue is of importance to the jurisprudence of the state,[7] the petition would not run afoul of *Degrate* and might be considered worthy of review.

Unfortunately, appellant's argument section focuses exclusively upon the merits of the original claim that she brought to the court of appeals: whether the trial court erred in allowing the State to cross-examine appellant's mother about an unadjudicated act of theft. Appellant does not explain why this Court should address her preservation claim or why the jurisprudence of the state will be adversely affected by the court of appeals's decision. In fact, appellant makes no mention of the decision or reasoning of the court of appeals in her argument section. But appellant's issue or ground for review properly deals with preservation of the claim, not the underlying merits of the claim. If this Court were to accept this petition, we, too, would deal only with the preservation issue, not the merits of the claim. Therefore, appellant's argument section of the petition must deal with the preservation issue. It does not do so. It is deficient under *Degrate*. We will not exercise our discretionary review authority to address the underlying merits of a claim that the court of appeals declined to address because of a failure to preserve that claim, especially when an appellant fails to even discuss the preservation issue in the argument section.[8]

Converting a direct appeal claim into a discretionary review ground entails considerably more time, effort, and analysis than a minor tinkering with the original direct appeal brief. "Instead, it involves a change of character, a recognition that this Court wants to know why we should, as a matter of sound discretion, expend our scarce judicial resources to review the court of appeals' reasoning about a particular legal issue."[9] Practitioners can keep themselves from falling over the *Degrate* cliff if they begin the argument section of their petitions with a brief quote from the court of appeals's opinion and an explana-

---

6. Appellant also rephrased the issue as a "Question Presented":

   Does a pretrial objection regarding the State's proof of an extraneous offense suffice to preserve error when the State asks "have you heard" questions based on that alleged but unproven extraneous offense?

7. *See King*, 125 S.W.3d at 520:

   The rationale for the argument (formerly the "reasons for review") section of a petition is to explain how and why the court of appeals' decision adversely impacts the criminal jurisprudence of Texas. Perhaps the opinion conflicts with other courts of appeals' reasoning on this very topic and thus confuses bench and bar concerning the content of a substantive law or procedural rule. Perhaps it decides a novel and important issue of state or federal law which this court has not yet addressed, but it is an issue that this court should address because it has far-reaching or long-lasting impact or repercussions on other cases. Perhaps the court of appeals applied the wrong legal standard, and thus reached the wrong result in this case and would be likely to do so again.

   *Id.* (Cochran, J., concurring).

8. *See Consaul*, 982 S.W.2d at 902 (Price, J., concurring) ("This court's jurisdiction is limited to review of decisions by the courts of appeals."); *Degrate*, 712 S.W.2d at 756–57 (noting that a petition for discretionary review that merely reiterates the same points of error from the direct appeal brief presents nothing for this Court's review).

9. *King*, 125 S.W.3d at 520 (Cochran, J., concurring).

tion of why this legal issue is of great importance to the jurisprudence of the state: it is a novel issue, but one that is likely to arise in many other cases; the reasoning or result in this case runs directly counter to that of a prior case by this Court or to that of another court of appeals; the reasoning or result runs counter to (though is not in direct conflict with) prior precedent; the court of appeals has arguably misconstrued a constitutional provision, statute, or other law. And so forth. A non-exhaustive list of reasons for granting discretionary review is set out in Rule 66.3 of the Texas Rules of Appellate Procedure.[10] Practitioners should craft the argument section of their petitions with this rule staring them in the face. It is not, however, necessary to quote it woodenly; rather, the able practitioner will use Rule 66.3 to guide his arguments in a logical and persuasive manner. The argument section will then be firmly anchored in the court of appeals's opinion.[11]

As a corollary, petitions for discretionary review rarely should present more than one or two distinct claims of error by the court of appeals. It is exceedingly rare for a court of appeals to commit numerous errors, each of which is likely to adversely impact the jurisprudence of the state. Quantity is not a substitute for quality. One is best served by formulating one or two strong grounds for review rather than scattering pellet shots across the entire target of the direct appeal opinion.

This is not a court of "error correction." We do not exist merely to re-do that which the court of appeals has already done on direct appeal. "Our principal role as a court of last resort is the caretaker of Texas law, not the arbiter of individual applications."[12] Thus, the focus is not upon the specific "error" or the consequences to a specific defendant, but upon the legal ramifications and ripple effect of the lower court's opinion.

A petition for discretionary review need not (and should not) attempt to resolve the merits of the question presented. It need only attract the interest of at least four judges concerning the legal issue. If the petition is granted, both sides will have ample opportunity to present persuasive facts, authority, and reasoning to support a proposed resolution and request specific relief. In short, a petition for discretionary review should be a highly polished small jewel that invites the reader to request a view of the entire necklace. It should not be a lump of coal that merely repeats the direct appeal brief.

I do not mean to pick on appellant or her petition (which sets out an interesting issue for consideration). I write only in the fond hope that the next series of petitions for discretionary review that we receive will contain a smaller percentage of *Degrate* briefs.

---

10. Tex.R.App. P. 66.3.

11. Similarly, one might begin by writing out in long-hand the four most problematic sentences from the court of appeals's opinion. Below each sentence, put bullet points as to why that sentence is legally and logically in-

correct. That exercise may focus the draftsman on the legal basis for the decision by the court of appeals and upon its purported flaws.

12. *Arcila v. State,* 834 S.W.2d 357, 360 (Tex. Crim.App.1992).