PD-0765&0766-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/9/2015 3:21:59 PM
Accepted 7/9/2015 5:10:10 PM
ABEL ACOSTA
CLERK

PD-0765-15, PD-0766-15

TO THE
COURT OF CRIMINAL APPEALS
OF TEXAS

———————————

THOMAS LLOYD TAUNTON,
Appellant

v.

THE STATE OF TEXAS,
Appellee

———————————

On Appeal in Cause Nos. CR-12-24098 and CR-13-24755
From the 336th District Court
of Fannin County, Texas

———————————————————————

# STATE'S RESPONSE TO PETITION FOR DISCRETIONARY REVIEW

———————————————————————

John B. Setterberg
State Bar No. 24043915
Assistant Criminal District Attorney
Fannin County, Texas
101 E. Sam Rayburn Dr., Ste. 301
Bonham, Texas 75418
903-583-7448
903-583-7682 (fax)

ATTORNEY FOR THE STATE

FILED IN
COURT OF CRIMINAL APPEALS

July 9, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................... i

INDEX OF AUTHORITIES.............................................................................ii

STATEMENT REGARDING ORAL ARGUMENT ..................................................1

STATEMENT OF THE CASE..............................................................................1

REPLIES TO QUESTION FOR REVIEW ........................................................2

    1. Petitioner seeks mere correction of what he considers to be error, rather than resolution of an important and unresolved issue in Texas jurisprudence......2

    2. The court of appeals correctly followed this Court's precedent in analyzing the effect of constitutional error in the trial court. ...............................2

ARGUMENT ......................................................................................................2

    Petitioner seeks mere correction of what he considers to be error, rather than resolution of an important and unresolved issue in Texas jurisprudence..............2

    The court of appeals correctly followed this Court's precedent in analyzing the effect of constitutional error in the trial court....................................................4

CONCLUSION ...................................................................................................6

PRAYER .............................................................................................................6

CERTIFICATE OF COMPLIANCE.................................................................7

CERTIFICATE OF SERVICE ..........................................................................8

# INDEX OF AUTHORITIES

**Cases**

*Bradley v. State*, 235 S.W.3d 808 (Tex. Crim. App. 2007)........................................2

*Degrate v. State*, 712 S.W.2d 755 (Tex. Crim. App. 1986) .....................................3

*Harris v. State*, 790 S.W.2d 568 (Tex. Crim. App. 1990)....................................3, 4

*Snowden v. State*, 353 S.W.3d 815 (Tex. Crim. App. 2011) ............................ 3, 4, 5

**Rules**

TEX. R. APP. P. 44.2(a) ...........................................................................................4

TEX. R. APP. P. 66.2 ...............................................................................................2

TEX. R. APP. P. 66.3 ............................................................................................2, 3

PD-0765-15, PD-0766-15

## TO THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF TEXAS

———————

# THOMAS LLOYD TAUNTON,
### Appellant

## v.

# THE STATE OF TEXAS,
### Appellee

———————

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

COMES NOW the State of Texas, Appellee, by and through her assistant criminal district attorney, and respectfully submits this Response to Petition for Discretionary Review in the above-styled and numbered causes.

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

This is an appeal from two convictions, one for the murder of a single individual and one for the capital murder of multiple persons. The court of appeals affirmed Appellant's convictions and sentences of life and life without parole, respectively.

1

## REPLIES TO QUESTION FOR REVIEW

1. Petitioner seeks mere correction of what he considers to be error, rather than resolution of an important and unresolved issue in Texas jurisprudence.

2. The court of appeals correctly followed this Court's precedent in analyzing the effect of constitutional error in the trial court.

## ARGUMENT

Discretionary review by this Court is not a matter of right, but of the Court's sound discretion. TEX. R. APP. P. 66.2.  The principle role of this Court, as a court of last resort, is as the caretaker of Texas law.  *Bradley v. State*, 235 S.W.3d 808, 810 (Tex. Crim. App. 2007). It is not a court of "error correction," and does not exist merely to re-consider issues that a court of appeals has already decided. *Id.* Rather, the legal issues brought to and considered by this Court should be "of great importance to the jurisprudence of the state." *Id.*; *see* TEX. R. APP. P. 66.3. Otherwise, this Court should not to expend its "scarce judicial resources" to review an opinion of a court of appeals. *Bradley*, 235 S.W.3d at 809.

**Petitioner seeks mere correction of what he considers to be error, rather than resolution of an important and unresolved issue in Texas jurisprudence.**

In the court below, Petitioner claimed error in the trial court's decision not to suppress evidence seized under a warrant.  The court of appeals found that the warrant was unsupported by probable cause and that the trial court's decision not to suppress evidence was indeed error.  However, it also considered the error to be harmless beyond a reasonable doubt, and affirmed Petitioner's convictions.

2

Petitioner now complains that the court of appeals did not properly consider harm in light of all the evidence presented at trial.

The standard for harm analysis of constitutional error is well settled in Texas. Appellant does not argue that this standard should be extended or changed, or that there is a conflict between the lower court's opinion and that of another court of appeals. See TEX. R. APP. P. 66.3. Rather, his complaint asks this Court to take up the fact-specific question of whether the court of appeals "properly" considered harm. Although he nominally claims that the lower court decided the case against this Court's holding in *Snowden v. State*,[1] his argument effectively sets up a straw-man by likening the lower court's reasoning to that in *Harris v. State*,[2] which *Snowden* partially overruled. In reality, the court never mentioned *Harris* or its disavowed standard, and instead based its decision on the totality of the record and the valid precedent of this Court.

Moreover, even if Petitioner's argument was correct, at no point does he explain how his complaint rises to the level that would compel this Court to exercise its discretionary jurisdiction. The assertion that the court of appeals was in error as to some point of law, standing alone, is generally insufficient to require further review. *Degrate v. State*, 712 S.W.2d 755, 756 (Tex. Crim. App. 1986). Because Petitioner has done little more than ask for a "re-do" of the lower court's

---

[1] 353 S.W.3d 815 (Tex. Crim. App. 2011).
[2] 790 S.W.2d 568 (Tex. Crim. App. 1990).

3

opinion, and because the issue he raises is fact-specific and of little value to the State's jurisprudence as a whole, this Court should decline to exercise its discretionary authority and should deny the petition.

**The court of appeals correctly followed this Court's precedent in analyzing the effect of constitutional error in the trial court.**

When confronted with constitutional error, a reviewing court must reverse the judgment unless it can conclude beyond a reasonable doubt that the error did not contribute to the defendant's conviction or punishment. TEX. R. APP. P. 44.2(a); *Snowden v. State*, 353 S.W.3d 815, 818 (Tex. Crim. App. 2011). While this Court has attempted to delineate factors that a court should consider when reviewing constitutional harm,[3] it has disavowed any "set formula." *Id.* at 822, n.31. Instead, while certain factors may prove helpful to a reviewing court, they do not form an exhaustive checklist, and harm analysis for constitutional error should take into account "any and every circumstance apparent in the record that logically informs [the] determination" of whether an error was harmless beyond a reasonable doubt. *Id.*

Petitioner seems to say that *Snowden* prohibits an appellate court from considering the remaining strength of the State's case apart from the suspect evidence. He complains that the lower court simply resorted to "what it considered the overwhelming evidence of guilt" in making its determination that the trial

---

[3] *See, e.g., Harris v. State*, 790 S.W.2d 568 (Tex. Crim. App. 1990).

4

court's error was harmless (Pet. at 6). Not only is this a misreading of *Snowden*, but it ignores the logic, not to mention the very words, of the opinion.

First, *Snowden* does not repudiate consideration of the overall strength of the State's case as a factor to be considered when addressing constitutional harm. Indeed, *Snowden* repeats the *Harris* Court's earlier conclusion that the error must be analyzed "in the context of the trial as a whole" and, if the court finds that the error was "unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record," then it can say that the error did not contribute to the verdict. 353 S.W.3d at 819 and n.15.

Second, the opinion of the court below does not merely rely on the strength of the State's case, but takes care to methodically consider all of the circumstances in the record that impact the question of harm beyond a reasonable doubt. For example, it notes that the evidence subject to the warrant was largely peripheral and corroborative of other evidence, and that it had little if any direct relation to the ultimate question of Petitioner's guilt. While the opinion does address the strength of the State's case – which was, after all, largely supported by the Petitioner's own detailed and completely spontaneous confession – it does so as a means of explaining just why the admission of the seized evidence was not harmful. Far from simply saying that the Petitioner "would have been convicted in

5

any event,"[4] the court's opinion makes use of the entire record and explains that, relative to the other evidence of Petitioner's guilt, the evidence subject to suppression was so minimal and peripheral that its inclusion did not affect the outcome of the trial. This is nothing more than the proper application of the Rule 44.2(a) harm standard as announced in *Snowden*. As such, the petition for discretionary review should be denied.

## CONCLUSION

Petitioner asks this Court to review a fact-specific decision of the court of appeals that has little if any impact on the rest of Texas jurisprudence. Moreover, he asks this Court to overrule a proper application of constitutional harm analysis and substitute in its place an illogical and unduly restrictive analysis that would ignore the totality of evidence presented at trial in favor of a myopic inspection of a tarnished fraction. Because his complaint is not significant enough to warrant further review, and because it fails to give sufficient reason for such a drastic modification of existing law, this Court should decline to exercise discretionary review and deny the petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas respectfully prays this Court deny the petition for discretionary review. The State further

---

[4] *See Harris*, 790 S.W.2d at 585.

requests all such additional relief as may be deemed just and appropriate.

Dated: <u>July 9, 2015</u>

Respectfully submitted,


/s/ *John B. Setterberg*
John B. Setterberg
State Bar No. 24043915
Assistant Criminal District Attorney
Fannin County, Texas
101 East Sam Rayburn Dr., Suite 301
Bonham, Texas 75418
903-583-7448
903-583-7682 (fax)

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document contains 1,193 words, exclusive of the portions described by TEX. R. APP. P. 9.4 (i)(1), as computed by the computer program used to prepare the document.


/s/ *John B. Setterberg*
John B. Setterberg
Assistant Criminal District Attorney
Fannin County, Texas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically to the individuals listed below on this the 9th day of July, 2015.

/s/     *John B. Setterberg*

John B. Setterberg
Assistant Criminal District Attorney
Fannin County, Texas

Steven R. Miears
211 North Main St.
Bonham, Texas 75418
ATTORNEY FOR APPELLANT

Lisa McMinn
P.O. Box 12405
Austin, Texas 78711
STATE PROSECUTING ATTORNEY