PD-1385_1388-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/10/2015 1:13:00 PM
Accepted 11/10/2015 4:26:31 PM
ABEL ACOSTA
CLERK

PD-1385-15 through PD-1388-15

TO THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_____

WILLIAM JAMES AKIN,

Appellant

FILED IN
COURT OF CRIMINAL APPEALS

November 10, 2015

ABEL ACOSTA, CLERK

v.

THE STATE OF TEXAS,

Appellee

_____

On Appeal in Cause Nos.
CR-13-24791, CR-13-24795, CR-13-24796, and CR-13-24799
From the 336th District Court
of Fannin County, Texas,
and in Cause Nos. 06-14-00178-CR through 06-14-00181-CR
From the Sixth Court of Appeals
In Texarkana, Texas

# STATE'S RESPONSE TO PETITION FOR DISCRETIONARY REVIEW

John B. Setterberg
State Bar No. 24043915
Assistant Criminal District Attorney
Fannin County, Texas
101 E. Sam Rayburn Dr., Ste. 301
Bonham, Texas 75418
903-583-7448
903-583-7682 (fax)

ATTORNEY FOR THE STATE

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................... i

INDEX OF AUTHORITIES ........................................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ................................................ 1

STATEMENT OF THE CASE ...................................................................... 1

REPLIES TO QUESTION FOR REVIEW ........................................................ 2

ARGUMENT ........................................................................................ 2

    1. Petitioner seeks mere correction of what he considers to be error, rather than resolution of an important and unresolved issue in Texas jurisprudence. ..... 2

    2. Petitioner requests that which has already been given. Established precedent requires an appellate court to consider the prejudicial effect of wrongly-admitted evidence when it analyzes harm. ............................................... 4

CONCLUSION ...................................................................................... 6

PRAYER ............................................................................................ 7

CERTIFICATE OF COMPLIANCE ............................................................... 7

CERTIFICATE OF SERVICE ..................................................................... 8

# INDEX OF AUTHORITIES

**Cases**

*Baxter v. State*, 66 S.W.3d 494 (Tex. Crim. App. 2001)........................................3, 4

*Bradley v. State*, 235 S.W.3d 808 (Tex. Crim. App. 2007)........................................2

*Degrate v. State*, 712 S.W.2d 755 (Tex. Crim. App. 1986) ......................................4

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1991) ..............................5

*Russell v. State*, 113 S.W.3d 530 (Tex. App. – Ft. Worth 2003).............................5

**Rules**

Tex. R. App. P. 44.2(a) ...............................................................................................4

Tex. R. App. P. 66.2 ...................................................................................................2

Tex. R. App. P. 66.3 ................................................................................................2, 3

**TO THE COURT OF CRIMINAL APPEALS**
**OF THE STATE OF TEXAS**

———————

**WILLIAM JAMES AKIN,**
**Appellant**

**V.**

**THE STATE OF TEXAS,**
**Appellee**

———————

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

COMES NOW the State of Texas, Appellee, by and through her assistant criminal district attorney, and respectfully submits this Response to Petition for Discretionary Review in the above-styled and numbered causes.

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

This is an appeal from several convictions for child sexual abuse. The court of appeals determined that admission of certain photographs at the guilt/innocence stage of trial was error, but that the error was harmless. The court therefore affirmed each of Appellant's convictions and sentences.

## REPLIES TO QUESTION FOR REVIEW

1. Petitioner seeks mere correction of what he considers to be error, rather than resolution of an important and unresolved issue in Texas jurisprudence.

2. Petitioner requests that which has already been given. Established precedent requires an appellate court to consider the prejudicial effect of wrongly-admitted evidence when it analyzes harm.

## ARGUMENT

Discretionary review by this Court is not a matter of right, but of the Court's sound discretion. TEX. R. APP. P. 66.2.  The principle role of this Court, as a court of last resort, is as the caretaker of Texas law.  *Bradley v. State*, 235 S.W.3d 808, 810 (Tex. Crim. App. 2007). It is not a court of "error correction," and does not exist merely to re-consider issues that a court of appeals has already decided. *Id.* Rather, the legal issues brought to and considered by this Court should be "of great importance to the jurisprudence of the state." *Id.*; *see* TEX. R. APP. P. 66.3. Otherwise, this Court should not to expend its "scarce judicial resources" to review an opinion of a court of appeals. *Bradley*, 235 S.W.3d at 809.

1. **Petitioner seeks mere correction of what he considers to be error, rather than resolution of an important and unresolved issue in Texas jurisprudence.**

In the court below, Petitioner claimed error in the trial court's decision to admit evidence of pornography and internet searches taken from his computer. The court of appeals found that the visual evidence of the pornography – screen shots of open webpages and of Petitioner's search history – was irrelevant and its

2

admission was indeed error. However, it also considered the error to be harmless and affirmed Petitioner's convictions. Petitioner now complains that the court of appeals did not properly consider harm.

The standard for harm analysis of non-constitutional error is well settled in Texas. Petitioner nominally argues that the lower court's opinion conflicts with those of this Court and with other courts of appeals. *See* TEX. R. APP. P. 66.3. However in reality, his complaint simply asks this Court to reconsider the appellate court's harm analysis and reach a different result.

Petitioner appears to summarize the lower court's analysis as "whether there was enough evidence to support the result." This ignores the very text of the opinion. The court of appeals acknowledged the requirement that a reviewing court consider harm in light of all of the evidence presented at trial. *See Baxter v. State*, 66 S.W.3d 494, 499 (Tex. Crim. App. 2001). While the court of appeals did consider testimony describing the complained-of images as "other unchallenged evidence prov[ing] the same facts," it also considered the victim's "clear account" of the assault, the testimony of two eyewitnesses who saw Petitioner acting inappropriately with the victim, and the testimony of the victim's step-mother, who corroborated the victim's outcry. It weighed the likely impact of the images against the bulk of the evidence against Petitioner, in light of the emphasis placed on them in the State's arguments, and determined that it had a "fair assurance that the

3

improperly admitted evidence did not influence the jury, or would have only a slight influence on the jury." This is precisely what the law requires.

The assertion that the court of appeals was in error as to some point of law, standing alone, is generally insufficient to require further review. *Degrate v. State*, 712 S.W.2d 755, 756 (Tex. Crim. App. 1986). Because Petitioner has done little more than ask for a "re-do" of the lower court's opinion, and because the issue he raises is fact-specific and of little value to the State's jurisprudence as a whole, this Court should decline to exercise its discretionary authority and should deny the petition.

2. **Petitioner requests that which has already been given. Established precedent requires an appellate court to consider the prejudicial effect of wrongly-admitted evidence when it analyzes harm.**

When confronted with non-constitutional error, a reviewing court must not reverse a judgment unless a substantial right of the defendant is affected. TEX. R. APP. P. 44.2(b). If, after examining the entire record, the court has "a fair assurance that the error did not influence the jury, or had but a slight effect," then the error should be disregarded as harmless. *Baxter v. State*, 66 S.W.3d 494, 499 (Tex. Crim. App. 2001). The question is not whether there was sufficient evidence to support the conviction apart from that which was erroneously admitted. Rather, it is whether the tainted evidence, in the context of the entire trial, so undermined the jury's decision-making as to cast doubt on the verdict. *Russell v. State*, 113

4

S.W.3d 530, 549-50 (Tex. App. – Ft. Worth 2003).  The key to this analysis is that the error is considered in context, and the magnitude of its harm judged in light of every other relevant argument, exhibit, and comment to the jury.  *See Baxter*, 66 S.W.3d at 499.

Petitioner asks this Court to implement an entirely new and undefined harm analysis for non-constitutional error. Purportedly, this new standard would be based on the factors discussed in *Montgomery v. State* for evaluating the admission of evidence under Rule 403.  810 S.W.2d 372, 377 (Tex. Crim. App. 1991). Petitioner does not explain what this new test would look like, other than to include a consideration of whether wrongfully-admitted evidence has a potential "to impress the jury in some irrational, yet indelible way." This, of course, would require a reviewing court to evaluate the impact of tainted evidence in light of everything else at trial – something an appellate court is already required to do – and to reach a subjective conclusion about the likelihood of improper influence on the verdict (something it must also do). Petitioner further posits that the burden of showing harm should not be on the Appellant, but "on the party who gained by the evidence." This is likewise already established law, as a defendant is not required to prove harm, and an appellate court is instead obligated to judge harm from the context of the error. *Russell*, 113 S.W.3d at 550.

In short, Petitioner asks this Court to grant review for the vague purpose of

implementing a new standard of harm analysis, which from all appearances is the same as the standard currently in place and used by the court of appeals. This new standard, such as it is, is neither preferable nor necessary, and this court should not grant discretionary review simply to revisit a lower court's routine application of established precedent to an otherwise unremarkable set of facts.

## CONCLUSION

Petitioner asks this Court to review a fact-specific decision of the court of appeals that has little if any impact on the rest of Texas jurisprudence. Moreover, he asks this Court to overrule a proper application of non-constitutional harm analysis and substitute in its place a virtually identical replacement. Because his complaint is not significant enough to warrant further review, and because it fails to give sufficient reason for such a "modification" of existing law, this Court should decline to exercise discretionary review and deny the petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas respectfully prays this Court deny the petition for discretionary review. The State further requests all such additional relief as may be deemed just and appropriate.

Dated: <u>November 10, 2015</u>

Respectfully submitted,


/s/ *John B. Setterberg*
John B. Setterberg
State Bar No. 24043915
Assistant Criminal District Attorney
Fannin County, Texas
101 East Sam Rayburn Dr., Suite 301
Bonham, Texas 75418
903-583-7448
903-583-7682 (fax)

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document contains 1,148 words, exclusive of the portions described by TEX. R. APP. P. 9.4 (i)(1), as computed by the computer program used to prepare the document.

/s/ *John B. Setterberg*
John B. Setterberg
Assistant Criminal District Attorney
Fannin County, Texas

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically to the individuals listed below on this the 10th day of November, 2015.

/s/     *John B. Setterberg*

John B. Setterberg
Assistant Criminal District Attorney
Fannin County, Texas

Steven R. Miears
211 North Main St.
Bonham, Texas 75418
ATTORNEY FOR APPELLANT

Lisa McMinn
P.O. Box 12405
Austin, Texas 78711
STATE PROSECUTING ATTORNEY