PD-1397-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/13/2015 8:54:32 AM
Accepted 11/13/2015 11:36:38 AM
ABEL ACOSTA
CLERK



**SHAREN WILSON**
Criminal District Attorney
Tarrant County

November 13, 2015

FILED IN
COURT OF CRIMINAL APPEALS

November 13, 2015

ABEL ACOSTA, CLERK

Hon. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

    Re:   **Stewart v. State, No. PD-1397-15**

Greetings:

This letter is in response to Appellant's *pro se* Petition for Discretionary Review filed in this Court, on October 29, 2015, in Stewart v. State, 08-14-00114-CR, 2015 WL 5449851, at \*1 (Tex.App. -- El Paso Sept. 16, 2015, pet. filed) (mem. op., not designated for publication).  The court of appeals held that Appellant failed to show that it was an abuse of discretion for the trial court to refuse to suppress the evidence. Stewart, 2015 WL 5449851, at \*3 ("officers independently corroborated the tip with respect to future actions by third parties").

Appellant's sole ground for review maintains that reasonable suspicion was not shown in the trial court.  Pet. at 5-9.  Appellant's complaint is unworthy of discretionary review for several reasons.

First, Appellant's complaint constitutes a mere rehash of the complaint that Appellant presented to the court of appeals rather than an attempt to demonstrate where the court of appeals' decision violates precedent. Degrate v. State, 712 S.W.2d 755, 756 (Tex. Crim. App. 1986) (*per curiam*) (discretionary review petition should specifically address court of appeals' decision, and "[a]ny petition which fails to set forth adequate reasons for this Court to exercise its discretion to review a court of appeals' opinion is subject to . . . summary refusal"); see also TEX. R.

APP. P. 66.1 & 68.1; Bradley v. State, 235 S.W.3d 808, 808-10 (Tex. Crim. App. 2007) (Cochran, J., concurring in denial of review).

Second, there was ample reasonable suspicion. Sheriff's deputies obtained the phone number of a suspected heroin dealer ("Black") from an informant. RR. III-8. The deputies, pretending to be someone who the drug dealer knew, called Black and set up a meeting. RR. V-88. Black directed the deputies to an A & W restaurant and told them to look for a black car. RR. III-9, 15.

The deputies saw only one black car in the parking lot when they arrived at the A & W about 10 minutes following the phone call(s). Stewart, 2015 WL 5449851, at *3. The deputies then watched as two apparent drug transactions took place at the window of the black car. RR. III-25-28; RR. V-49-50, 93. These observed apparent drug deals were, by themselves, sufficient to establish reasonable suspicion. Kirkland v. State, 400 S.W.3d 625, 626-30 (Tex.App. -- Beaumont 2013, pet. ref'd) (reasonable suspicion found where police set up surveillance of suspected methamphetamine dealers and saw apparent drug transaction taking place involving occupants of suspect vehicle).

The deputy's phone calls with the drug dealer were, by themselves, sufficient to establish reasonable suspicion. United States v. Lyons, 687 F.3d 754, 765 (6th Cir. 2012) (reasonable suspicion finding was supported, in part, by accomplice's statement in wiretap that a woman {i.e., the defendant} in a gray car with out-of-state plates would soon arrive at a particular location); United States v. Flores, 571 F.3d 541, 544-45 (6th Cir. 2009) (reasonable suspicion to stop defendant Flores was provided by wiretap of drug boss Spragling setting up drug deal); United States v. Mayorquin, No. CR 12-1076-CAS, 2013 WL 5405704, at *3 (C.D.Cal. Sept. 20, 2013) (reasonable suspicion for stop was provided by wiretap -- even though defendant was not a declarant in wiretap).

Certainly, taking these two circumstances together, there was reasonable suspicion. Zone v. State, 84 S.W.3d 733, 736 & 738-39 (Tex.App. -- Houston [1st Dist.] 2002) (reasonable suspicion existed

where {1} police received an anonymous tip that two men were selling drugs near a gray car at a specific address; {2} officers saw transaction near gray car at that address; and {3} suspect fled), *aff'd on other grounds*, 118 S.W.3d 776 (Tex. Crim. App. 2003).  On top of all that, there was the original tip that led police to Black.  Stewart, 2015 WL 5449851, at *3.

Finally, the court of appeals rejected Appellant's characterization of Black -- *i.e.*, the stung drug dealer -- as an "anonymous tipster."  Stewart, 2015 WL 5449851, at *3 ("There is no evidence in the record to support an inference or finding that the person known as Black was making an anonymous tip . . . .").  Appellant presents no legal argument attacking that holding and instead merely continues to assert that the sting target was a tipster.  Pet. at 7 ("The phone calls to and from Black can be characterized as nothing more than an anonymous tip.").

Appellant's fact-bound petition should be refused.  Thank you.

Respectfully submitted,

SHAREN WILSON                     /s/ David M. Curl
Criminal District Attorney        DAVID M. CURL, Assistant
Tarrant County, Texas             State Bar No. 05254950
                                  401 W. Belknap Street
DEBRA WINDSOR,                    Fort Worth, Texas 76196-0201
Assistant Criminal                (817) 884-1687
District Attorney                 FAX (817) 884-1672
Chief, Post-Conviction            coaappellatealerts@tarrantcountytx.gov

## CERTIFICATE OF COMPLIANCE

The number of words computed in accordance with TEX. R. APP. P. 9.4(i)(1) are 729.

/s/ David M. Curl
DAVID M. CURL, Assistant
Criminal District Attorney

## CERTIFICATE OF SERVICE

One copy of the State's letter reply to Appellant's *pro se* petition for discretionary review has been sent to (1) Appellant Androd Keon Stewart at #1915287, Beto Unit, 1391 F.M. 3328, Tennessee Colony, TX 75880, and (2) Ms. Lisa McMinn, State Prosecuting Attorney at information@spa.texas.gov, on this the 13th day of November 2015.

/s/ David M. Curl___
DAVID M. CURL, Assistant
Criminal District Attorney