PD-0478-16

PD-0478-18
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/17/2016 5:35:53 PM
Accepted 6/21/2016 2:38:46 PM
ABEL ACOSTA
CLERK



**SHAREN WILSON**

Criminal District Attorney

Tarrant County

June 17, 2016

FILED IN
COURT OF CRIMINAL APPEALS

June 21, 2016

ABEL ACOSTA, CLERK

Hon. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

Re:   **Gulledge v. State, No. PD-0478-16**

Greetings:

This letter is in response to Appellant's Petition for Discretionary Review filed in this Court, on June 7, 2016, in <u>Gulledge v. State</u>, No. 02-15-00196-CR, 2016 WL 551957, at *1 (Tex.App. -- Fort Worth Feb. 11, 2016, pet. filed) (mem. op., not designated for publication).

Appellant's petition presents two grounds for review that each attack the trial court's denial of Appellant's motion to suppress.  Pet. at 3.

As an initial matter, Appellant's attacks on the trial court's order should be overruled because they constitute a mere rehash of the complaints that Appellant presented to the court of appeals rather than an attempt to demonstrate where the unpublished court of appeals' memorandum decision violates precedent.  <u>Degrate v. State</u>, 712 S.W.2d 755, 756 (Tex. Crim. App. 1986) (*per curiam*) (discretionary review petition should specifically address court of appeals' decision, and "[a]ny petition which fails to set forth adequate reasons for this Court to exercise its discretion to review a court of appeals' opinion is subject to . . . summary refusal"); <u>see</u> <u>also</u> TEX. R. APP. P. 66.1 & 68.1; <u>Bradley v.</u> <u>State</u>, 235 S.W.3d 808, 808-10 (Tex. Crim. App. 2007) (Cochran, J., concurring in denial of review).

Second, Appellant was clocked on radar going 54 m.p.h. in a 40 m.p.h. zone. RR. II-9. To the extent that Appellant now seeks to complain about the admission of radar evidence, see Pet. at 4-5, such a complaint was not preserved in the trial court and was not presented as an issue to the court of appeals. Gulledge, 2016 WL 551957, at *1 n.2 ("Gulledge did not object to the radar testimony at the suppression hearing . . . .").

Third, much of Appellant's complaint seems to be that regardless of the trial court's finding under TEX. TRANSP. CODE § 545.351, reversal is required because the trial court mistakenly had a finding under TEX. TRANSP. CODE § 545.353. Pet. at 7-8. Appellant's petition provides no response to the well-established precedent – which the court of appeals followed – holding that a judgment must be upheld if it is correct under any theory applicable to the case. Gulledge, 2016 WL 551957, at *3.

Appellant's petition should be refused. Thank you.

Respectfully submitted,

SHAREN WILSON                      /s/ David M. Curl_____
Criminal District Attorney         DAVID M. CURL, Assistant
Tarrant County, Texas              State Bar No. 05254950
                                   401 W. Belknap Street
DEBRA WINDSOR,                     Fort Worth, Texas 76196-0201
Assistant Criminal                 (817) 884-1687
District Attorney                  FAX (817) 884-1672
Chief, Post-Conviction             ccaappellatealerts@tarrantcountytx.gov

CERTIFICATE OF COMPLIANCE

The number of words computed in accordance with TEX. R. APP. P. 9.4(i)(1) are 363.

/s/ David M. Curl____
DAVID M. CURL, Assistant
Criminal District Attorney

## CERTIFICATE OF SERVICE

One copy of the State's letter reply to Appellant's petition for discretionary review has been sent to (1) counsel for Appellant Ashley Gulledge, Mr. Jerry D. Kelly at jerryd_kelly@yahoo.com, and (2) Ms. Lisa McMinn, State Prosecuting Attorney at information@spa.texas.gov, on this the 17th day of June 2016.

/s/ David M. Curl_____
DAVID M. CURL, Assistant
Criminal District Attorney