1820.

Perkins
v.
Ramsey.

———————*————

(LOCAL LAW.)

## PERKINS *et al.* v. RAMSEY *et al.*

The following entry is invalid for want of that certainty and precision required by law : " William Perkins and William Hoy, enter 6,714 acres of land on a treasury warrant, No. 10,692, to join Lawrence Thompson and James M'Millan's entry of 1,000 acres that is laid on the adjoining ridge between Spencer's creek and Hingston's fork of Licking on the east, and to run east and south for quantity." The entry referred to in the foregoing was as follows : " 9th of December, 1782, Lawrence Thompson and James M'Millan, assignee of Samuel Baker, enter 1,000 acres on a treasury warrant, No. 4,222, on the dividing ridge between Kingston's fork of Licking and Spencer's creek, *a west branch of said fork,* to include a large pond in the centre of a square, and a white oak tree marked X, also an elm tree marked VS, near the side of the pond."

THIS cause was argued by Mr. *B. Hardin,* for the appellants, and by Mr. *Trimble,* for the respondents.

*Feb.* 17th.

Mr. Justice TODD delivered the opinion of the Court. This is an appeal from the decree of the seventh Circuit Court in the district of Kentucky, and is a controversy between conflicting claims to land originating under the land law of Virginia.

The respondents relying on their elder legal titles, and denying the validity of the entries, under which the appellants derive their titles, it is necessary to examine those entries only.

The entry under which the appellants derive title is in the following words, as it stands amended, viz. " William Perkins and William Hoy enter 6,714 acres of land on treasury warrant No. 10,692, to join Lawrence Thompson and James M'Millan's entry of 1,000 acres that is laid on the dividing ridge, between Spencer's creek and Hingston's fork of Licking, on the east, and to run east and south, for quantity."

The entry referred to in the foregoing one, is in the following words, viz : " 9th of December, 1782, Lawrence Thompson and James M'Millan, assignee of Samuel Baker, enter 1,000 acres on a treasury warrant, No. 4,222, on the dividing ridge between Hingston's fork of Licking and Spencer's creek, *a west branch of said fork*, to include a large pond in the centre of a square, and a white oak tree marked X, also, an elm tree marked V S, near the side of the pond."

On reading this last entry, the impression would be strong, that the dividing ridge, Spencer's creek, and the large pond, were all to be found on the west side of Hingston's fork of Licking : a subsequent

locator, or those desirous of ascertaining the land embraced by this entry, on making inquiry for the objects called for, would be informed that Spencer's creek is not a water of Hingston's fork; but is a water of Slate creek, and lies on the east, and not on the west side of Hingston. Each of those creeks was, at the date of this entry, generally known by their respective names. There is, then, in this entry a *mistake* in describing Spencer's creek as a west branch of Hingston's fork. If this mistake can be corrected according to legal principles, and well settled rules of construing entries, it should be done, if by the correction the entry can be sustained. It is stated to be a rule of construction adopted in the Courts of Kentucky, that where there are repugnant, false or mistaken calls in an entry, they may be rejected. Admitting the correctness of this rule, the call for Spencer's creek as being a west branch of Hingston's fork, is not a repugnant, but is a mistaken one. This mistake being corrected, the entry would then read, " Lawrence Thompson and James M'Millan, assignee of Samuel Baker, enter 1,000 acres on a treasury warrant, on the dividing ridge between Hingston's fork of Licking, and Spencer's creek, to include a large pond in the centre of a square, and a white oak tree marked X, also, an elm tree marked VS, near the side of the pond." Those who were acquainted with Hingston's fork, and Spencer's creek, would know, and the connected platt before the Court shows, that there is a dividing ridge extending in a northern and southern direction, between those water courses. A subsequent locator might

1820.

Perkins
v.
Ramsey.

thus have ascertained three of the objects called for in this entry, viz. the dividing ridge, Hingston's fork, and Spencer's creek ; but the large pond and marked trees are still wanting to ascertain the specialty and precision of this entry.   The most diligent inquiry and laborious research would not enable him to find them, on, or near *this* dividing ridge.   Here another false call or description is discovered.   How is this to be corrected?   It is contended, that Slate creek must be substituted for Hingston's fork, by doing which, all mistakes will be corrected, and every object called for in the entry may be easily found, and correctly ascertained.   Waiving for the present all objection to this substitution, let it be examined how the entry would then stand.   The description would then be " on the dividing ridge between Slate creek and Spencer's creek, a west branch thereof, to include a large pond in the centre of a square, and a white oak tree marked X; also, an elm tree marked V S, near the side of the pond." With this correction, a subsequent locator being placed at the mouth of Spencer's creek, would naturally look for the dividing ridge to conduct him to the pond, and marked trees.   The connected platt exhibits three ridges, one extending in a northern direction, between Slate, and a branch of Spencer's creek ; a second, extending westwardly up Spencer's creek, on the south side thereof, which is a dividing ridge between Spencer's creek and Greenbrier creek, also a water of Slate ; and a third, extending westwardly up Greenbrier on the south side thereof, which is a dividing ridge between Greenbrier and Brush

creek, also a water of Slate. Which of these would he decide to be the dividing ridge between Spencer's creek, and Slate ; or can either of them be properly so called ? It is contended on the part of the appellants, that the ridge on the upper, or south side of Spencer's creek would, in the general, and common acceptation of men, be considered as the proper one. It may be admitted, that in many, perhaps in most cases, a call for the dividing ridge between two streams would generally be considered as designating that point *above* the one, and adjoining the other; but it must also be admitted, that in some cases it would not be so considered ; it would depend on the direction or course of the streams, and the manner in which they are united with each other. If the general course of the one was south, and the other north, and the other running south, should turn east to form the junction, and the one running north should continue its course, then the land below the junction, would by every person be considered as dividing the one stream from the other. Take as an example that branch of Spencer's Creek, called Harper's Fork ; suppose it the main stream, and that it formed a junction with Slate Creek instead of Spencer's Creek, could a doubt exist that the land on the *lower* side was the dividing ridge between that stream and Slate Creek ? The dividing ridge on the south side of Spencer's Creek, is, in truth and in fact, a dividing ridge between that creek and Green-brier, another water of Slate, running nearly parallel with Spencers's Creek, and forming a junction with Slate above it. The same

fact exists as to the dividing ridge between Green-brier and Brush Creek. The ridge, then, extending northwardly from the mouth of Spencer's Creek might, with equal probability, be pursued as either of the others; it would lead to a pond, as designated on the connected platt 82. It is true, this pond is not proved to be a large one, and a subsequent locator on a view of it might conclude it did not answer the description of that called for in the entry. If he returned and pursued the ridge between Green-brier and Brush Creek, he would be conducted to a pond, designated on the connected platt 38. This also is not a large pond, and may be considered as not answering the description. But supposing he should pursue the ridge on the south side of Spencer's Creek, would it conduct him certainly to the pond No. 1., as designated on the connected platt? We think it very doubtful, from the proofs in the cause. It is not situate on the dividing ridge, but is nearly surrounded by the drains and branches of Green-brier, is from 50 to 80 poles distant from the ridge, was nearly surrounded by high, strong, and thick canes; and, although from the testimony, there appears to have been a good deal of conversation among the residents at Boonesborough respecting a large pond in this section of country, yet its precise situation was known only to a few, among some of whom existed an agreement to conceal their knowledge of it, and many of the residents at that place and its vicinity knew not, nor had heard any thing respecting it: to which may be added, that the pond designated on the connected platt 37., is a large

pond, was also known to many, and possibly may have been the one spoken of in some of the general and loose conversations at Boonesborough; and it may be further observed, that the residents at Strode's and M'Gee's stations, (which were the nearest ones,) as well as many others, who were conversant in that section of country, had never seen, and did not know of, the pond No. 1. until a considerable time after the date of the entry. The Court is, therefore, of opinion, that this pond was not so generally known, or could be so readily found, as to support and uphold this entry; and that it would be requiring more than ordinary and reasonable diligence to traverse and search all the dividing ridges represented on the connected platt.

But we are not satisfied that, according to the legal principles or well settled rules for construing entries, Slate creek, can be substituted for Hingston's fork: on the contrary, we believe it would be *making*, rather than *construing* an entry. No case has been produced, where this has been permitted, and it is believed none such exists. The counsel for the appellants contends, that as from the proofs in the cause, it appears that Slate creek was by many supposed to be Hingston, this circumstance would authorize such substitution; to this it may be answered, that this mistake existed among the hunters and locators at Boonesborough *only*, and that among them, there were several who knew Slate creek by its appropriate name; to which it may be added, that all the hunters and locators at Strode's and M'Gee's stations, as well as many others, also knew Slate creek, and that it was

not a water of Hingston's fork ; so that *a majority* of those conversant in that section of country did not labour under the mistake. We are therefore of opinion, that it would be extending the rules of construction too far to make this substitution, in support of the mistake of the few, against the knowledge of the majority; if a substitution could be permitted in any case. We are farther of opinion, that Hingston's fork, was of more general notoriety than any of those streams, and ought not to be disregarded in construing this entry ; that it is one of the prominent calls to ascertain its situation ; and that a subsequent locator having arrived at Hingston's fork, and finding the pond designated on the platt 37, which is proved to have been known to many, and is little inferior in size to the pond 1, might rationally conclude, that the locator of the entry under consideration, had mistaken some western branch of Hingston, for Spencer's creek; thus situated, he would conjecture, that an entry containing such incorrect, mistaken, or false calls, and requiring so much diligence and labour, was so doubtful and uncertain, as to induce him to abandon further research. This entry, therefore, from a full view of all the proofs and circumstances, is deemed invalid, for want of that certainty and precision required by law.

In accordance with this opinion, is the decision of the Court of Appeals of the State of Kentucky, in the suit of Dunleary against Reed and others, wherein the same entry was examined upon substantially the same evidence.

Decree affirmed with costs.