PD-1483-15

PD-1483-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/16/2015 8:39:18 AM
Accepted 11/17/2015 11:18:38 AM
ABEL ACOSTA
CLERK

# NO. _____

## IN THE
## COURT OF CRIMINAL APPEALS OF TEXAS

---

# VIVIAN MONROE HOLMAN
**Appellant**
v.
# STATE OF TEXAS
**Appellee**

---

# APPELLANT'S PETITION
# FOR DISCRETIONARY REVIEW

---

Petition from the 54th Judicial District Court of McLennan County, Texas
Trial Court Number 2012-17-C2 and
Number 10-15-00015-CR in the Tenth Court of Appeals of Texas

LAW OFFICE OF STAN SCHWIEGER
600 Austin Avenue, Suite 12
P.O. Box 975
Waco, Texas  76703-0975
(254) 752-5678
(254) 752-7792—Facsimile
E-mail: wacocrimatty@yahoo.com
State Bar No. 17880500

FILED IN
COURT OF CRIMINAL APPEALS

November 17, 2015

ABEL ACOSTA, CLERK

## NAMES OF THE PARTIES TO THE FINAL JUDGMENT

### STATE OF TEXAS

Ms. Hilary LaBorde
Ms. Gabrielle A. Massey
Mr. Andrew Erwin (appeal only)
McLennan County Criminal District Attorney's Office
219 North 6th Street, Suite 200
Waco, Texas 76701

### APPELLANT'S TRIAL COUNSEL

Mr. Lawrence E. Johnson
801 Washington Avenue, Suite 400
Waco, Texas 76701

### TRIAL COURT JUDGE

The Honorable Matt Johnson
54th District Court Judge
McLennan County Courthouse
Waco, Texas  76701

# TABLE OF CONTENTS

NAMES OF ALL PARTIES TO THE FINAL JUDGMENT. . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE
STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . v

GROUND FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

> The Tenth Court of Appeals erred in holding that the rule of optional
> completeness allowed the admission of a forensic interview video, putting
> it in conflict with other courts of appeal and in holding that this rule gives
> carte blanche to the State to respond with matters not responsive to
> the"invitation," placing it in conflict with this Court.

GROUND FOR REVIEW RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Reason for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    Factual Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.    The Tenth Court's dual holdings behind the admission of the forensic
        interview are error... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.    Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4

APPENDIX

# INDEX OF AUTHORITIES

## FEDERAL CASES

*Edward Valves, Inc. v. Cameron Iron Works, Inc.*,
   286 F.2d 933 (5th Cir. 1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Perkins v. Ramsey*,
   18 U.S. 269 (1820). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. LeFevour*,
   798 F.2d 977 (7th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATE CASES

*Bradley v. State*,
   235 S.W.3d 808 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . . . 8, 11

*Cooper v. Bower*,
   96 P. 794 (Kan. 1908). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Goldberg v. State*,
   95 S.W.3d 345 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). . . . . . . . . 8

*Holman v. State*,
   No. 10-15-00015-CR, 2015 WL. 6444749 (Tex. App.—Waco Oct. 22, 2015,
   no pet. h.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 8

*Sauceda v. State*,
   129 S.W.3d 116 (Tex. Crim. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . 9

*State v. Boyd*,
   143 S.W.3d 36 (Mo. Ct. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Willover v. State*,
   70 S.W.3d 841 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . 10

## STATE RULES

Tex. R. App. P. 66.3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. R. App. P. 66.3(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## MISCELLANEOUS

Francis A. Gilligan & Edward J. Imwinkelried,
*Bringing the "Opening the Door" Theory to a Close: the Tendency to Overlook the Specific Contradiction Doctrine in Evidence Law*, 41 Santa Clara L. Rev. 807 (2001). . . . . . 8

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Vivian Holman respectfully requests that this appeal not be presented on oral argument. The issue arises out of settled case law and can adequately addressed by briefing.

## STATEMENT OF THE CASE
## STATEMENT OF PROCEDURAL HISTORY

The State of Texas indicted Ms. Holman in number 2012-17-C2, in the 54th District Court of McLennan County as set forth in the chart below:

| 1 | Aggravated Sexual Assault of a Child | "did then and there intentionally or knowingly cause the penetration of the sexual organ of [S.A.], a child who was at the time then and there younger than fourteen (14) years of age, and not the spouse of the Defendant, by means of Defendant's finger . . ."[1] |
|---|---|---|
| 2 | Indecency with a Child | "did then and there, with the intent to arouse or gratify the sexual desire of any person, intentionally or knowingly engage in sexual contact with [S.A.] by touching the genitals of [S.A.], a child younger than seventeen (17) years of age, and not the spouse of the Defendant, by means of the Defendant's hand. . ."[2] |

---

[1]    (I C.R. at 6).

[2]    (I C.R. at 6).

| 3 | Indecency with a Child | "did then and there, with the intent to arouse or gratify the sexual desire of any person, intentionally or knowingly engage in sexual contact with [S.A.] by touching the genitals of [S.A.], a child younger than seventeen (17) years of age, and not the spouse of the Defendant, by means of the Defendant's hand. . ."[3] |

Trial began on January 5, 2015 in the 54th Judicial District Court with the Honorable Judge Matt Johnson, presiding. After a trial to the jury, Ms. Holman was found guilty of the indicted offenses.[4] Ms. Holman elected the jury for punishment, which imposed sixty (60) year sentence on Count I, twenty (20) year sentence on count II and twenty (20) year sentence on Count III, to run concurrently on each count.[5] Notice of Appeal was timely filed by Ms. Holman on January 13, 2015.[6] The trial court certified Ms. Holman's right to appeal on January 8, 2015.[7] The Tenth Court of Appeals affirmed the judgment below.[8]

---

[3] (I C.R. at 6).

[4] (4 R.R. 189–91).

[5] (I C.R. at 103–33).

[6] (I C.R. at 135).

[7] (I C.R. at 134).

[8] *Holman v. State*, No. 10-15-00015-CR, 2015 WL 6444749, *2 & n.2 (Tex. App.—Waco Oct. 22, 2015, no pet. h.) (mem. op., not designated for publication) (internal citations omitted).

# GROUND FOR REVIEW

The Tenth Court of Appeals erred in holding that the rule of optional completeness allowed the admission of a forensic interview video, and in holding that this rule gives carte blanche to the State to respond with matters not responsive to the "invitation."

**GROUND FOR REVIEW RESTATED:**

> The Tenth Court of Appeals erred in holding that the rule of optional completeness allowed the admission of a forensic interview video, putting it in conflict with other courts of appeal and in holding that this rule gives carte blanche to the State to respond with matters not responsive to the"invitation," placing it in conflict with this Court.

Holman . . . suggested that the victim would try to draw [the forensic examiner's] attention away from the question asked so that she would not have to answer the question. Thus, it was necessary to show these instances in the context of the entire interview.

---

Further, Holman did not request any limitation on the video's admissibility. A party opposing evidence has the burden of objecting and requesting a limiting instruction at the time the evidence is admitted as to any portion of the evidence that is objectionable for another reason or admissible only for a limited purpose. Without a request for a limiting instruction, it was admitted for all purposes.[9]

Painting with a patio broom when the precision of a pinpoint brush was required, the Tenth Court blotched the law surrounding the rule of optional completeness beyond comprehension. This requires review of this Court.

---

[9] *Holman v. State*, No. 10-15-00015-CR, 2015 WL 6444749, *2 & n.2 (Tex. App.—Waco Oct. 22, 2015, no pet. h.) (mem. op., not designated for publication) (internal citations omitted).

*A.* *Reasons for review.*

This Court should grant review because the Tenth Court of Appeals' decision conflicts with another court of appeals' decision on the same issue.[10] In addition, the court of appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals.[11]

*B.* *Factual background.*

Because the memorandum opinion does not contain a factual background concerning the erroneous admission of the purported evidence of "optional completeness," a short basis follows. During the trial for aggravated sexual assault, defense counsel was cross-examining a Child Advocacy Center employee who interviewed the complaining witness:

DEFENDANT:   Did, um, your interview begin with, uh, maybe an indication that sometimes the child would tell lies? Do you remember that part of the interview?

WITNESS:   Oh, when we were talking about did she understand the difference between a truth and a lie?

DEFENDANT:   Yeah. But do you remember her telling you – did she tell you that she lies a lot sometimes?

---

[10]   TEX. R. APP. P. 66.3(a).

[11]   TEX. R. APP. P. 66.3(c).

WITNESS: Uh, no. I believe she gave me an example, um, of a lie, um, that when she got into some makeup she wasn't supposed to and didn't say so at first or something like that.

DEFENDANT: Okay. But she mentioned the fact that occasionally she tells lies; is that right?

WITNESS: I'm not recalling that. I do recall the example of her, um, messing with some makeup that she wasn't supposed to and that she didn't tell the truth about it when they were asking her.[12]

---

DEFENDANT: Okay. Did, uh, you find that a child's language -- sometimes a child may see things, uh, in an exaggerated manner?

WITNESS: I'm sure any of that's possible. I don't remember that from this scenario.

DEFENDANT: Okay. Like, for instance, uh, if you take a ball, what you may see is maybe -- or I might see it as a medium-sized ball. The child may see it as a big ball or something to that effect; is that right?

WITNESS: Sure, they may.

DEFENDANT: Okay. So, the language can be somewhat different depending on the individual that's speaking; is that right?

WITNESS: Yes. uh-huh.

---

[12] (4 R.R. at 50–51).

DEFENDANT: Okay. So there can be different interpretations also; is that correct?

WITNESS: I'm sure that's possible, depending on the scenario. Yes. uh-huh.[13]

---

STATE: Um, I mean, would the best way for this jury to know what [S.A.] said and whether or not she was manipulating you, exaggerating, making things bigger than they were, misunderstanding things, misconstruing things, would that be to review the video just like you did?

WITNESS: Uh-huh.

DEFENDANT: Your Honor, I'm gonna object to that line of questioning. I'm going to object to attempting --

COURT: What's your --

DEFENDANT: -- attempting to offer some hearsay into evidence. That's not admissible.

STATE: Your Honor, I just asked if that would be the best representation of questions that this -- the defense attorney's been leaving a false impression with this jury that [S.A.] exaggerated things, made a small ball, a big ball, made this story a lot bigger, misunderstood the contact between this defendant and the child, and the best representation. I'm just simply asking [the interviewer] if the best

---

[13]  (4 R.R. at 56–57).

representation of what she said and what she meant is the video that she recorded back in 2007.

WITNESS: Um, I mean, I think watching the video is the best way to see how the interview went, clearly, as that is the interview. But I think in the interview you will see that the child brings up the scenario and the words are the child's, um –

STATE: May I approach the witness, Your Honor?

THE COURT: Yes, you may.

STATE: I'm now showing you what's been marked as State's Exhibit Number 6. Do you recognize, um, this DVD?

WITNESS: Yes.

STATE: And, um, is this written what is this DVD of?

WITNESS: This is, um, the DVD of the interview itself on the day we did it.

STATE And what day was the day you did that?

WITNESS: July 26th, 2007.

STATE: And is this your handwriting on this DVD?

WITNESS: Yes, ma'am.

STATE: And have you reviewed this DVD prior to coming in here and testifying today?

WITNESS:        Yes, ma'am.

STATE:          And is this a true and accurate copy of the DVD made at the time of the interview on July 26th of 2007?

WITNESS:        Yes, ma'am.

STATE:          At this time the State offers State's Exhibit 6 to defense counsel and also offers it into evidence.

(State's Exhibit Number 6 offered.)

DEFENDANT:      Your Honor, we object to hearsay. Not admissible. And ask the Court not to offer that into evidence and allow that to be admitted.

THE COURT:      Any response?

STATE:          Yes, Your Honor. The State would respond by saying that there's a rule of optional completeness. The defense has left a, uh, false impression with the jury, that she lied a lot or something. she stated -- the defense stated that the child said in the video, I lied a lot, I occasionally tell lies, and he has left a false impression with this jury as to what the context of this video was. And also under the Rule of Optional completeness, because he's brought in specific instances from the video, the jury should be able to -- out of context, the jury should be able to put them into context.

DEFENDANT:      Your Honor, I'm also objecting that using the Crawford right of confrontation. Your Honor, they put a witness on that testified that she

interviewed. I only questioned her concerning the interview in which she stated here. Uh, I don't understand how that allows, uh, something that's not admissible to be admitted.

STATE: Your Honor, the defense counsel has been misrepresenting the context of the interview regarding the lies, regarding exaggeration, regarding manipulation. That's all come from the defense counsel, um, and he's leaving a false impression with this jury as to the context of the totality of this interview that this child made back in 2007.

THE COURT: Then, let's see, State's Exhibit Number 6 is admitted.

The Tenth Court of Appeals found that the full forensic interview was admissible despite no part of the video was shown by defense counsel. Instead, the questions above raised a "false impression," which allowed the State to respond with the full video.[14]

C.   *The Tenth Court's dual holdings behind the admission of the forensic interview are error.*

The purpose of the "completeness" rule is merely to make sure that a misleading impression created by taking matters out of context is corrected on the spot, because of "the inadequacy of repair work when delayed to a point later in the

---

[14]   *Holman*, 2015 WL 6444749, at *2.

trial."[15]  An example would be accusing the Biblical David of blasphemy for saying, "There is no God," his full statement being, "The fool hath said in his heart, there is no God."[16]

Here, the Tenth Court found that although Ms. Holman did not introduce any portion of the forensic video before the jury, a specific introduction of the video was not required before the State could invoke Rule 107.[17]  This holding is in direct conflict with a sister court of appeals that found that "merely referring to a statement or a quotation from it does not invoke the rule."[18]  This alone qualifies for review of this matter, as this would settle a conflict between the courts of appeal in this State.[19]

But wait.  There's more.

---

[15]     *United States v. LeFevour*, 798 F.2d 977, 981 (7th Cir. 1986).

[16]     *Id.* (citing *Trial of Algernon Sidney*, 9 Howell's State Trials 818, 868–69 (K.B. 1683)).

[17]     *Holman*, 2015 WL 6444749, at *2 (citing *Credille v. State*, 925 S.W.2d 112, 116–117 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd)).

[18]     *Goldberg v. State*, 95 S.W.3d 345, 387 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

[19]     *Bradley v. State*, 235 S.W.3d 808, 810 (Tex. Crim. App. 2007) (Cochran, J., concurring on the denial of a petition for discretionary review) " . . . [T]he opinion conflicts with other courts of appeals' reasoning on this very topic and thus confuses bench and bar concerning the content of a substantive law or procedural rule.").

Assuming for arguments sake that the Court of Appeals "got it right" by holding that Ms. Holman cast a false impression[20] upon the jury, the Waco Court of Appeals then further smears the reasons for admission in the broad brush fashion outlined above.

This Court has held that the "opening of the door" requires the automatic admission of the entire videotape "is completely without support."[21] The plain language of Rule 107 shows that to be admitted under the rule, the omitted portion of the statement must be "on the same subject" and must be "necessary to make it fully understood."[22] The Waco Court of Appeals clearly ignored this Court's dictates in interpreting Rule 107, putting it in direct conflict with this Court's established law. This too displays a need to review this case.

---

[20]    Although a party may contend that an opponent's evidence is false or misleading, even false or potentially misleading evidence can satisfy the rules governing the admissibility of evidence. Indeed, requiring the judge to pass on the truth of testimony as part of the admissibility analysis would undermine the jurors' role as triers of fact. According to Coke's famous maxim, "*Ad questionem facti non respondent judices*" (judges do not decide questions of fact)." Francis A. Gilligan & Edward J. Imwinkelried, *Bringing the "Opening the Door" Theory to a Close: the Tendency to Overlook the Specific Contradiction Doctrine in Evidence Law*, 41 SANTA CLARA L. REV. 807, 824 & n.116 (2001).

[21]    *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004) (en banc).

[22]    *Id.*

The first reason for admissibility of the entire videotape dispatched, this Court can then turn to the reasoning in the footnote cited above.[23] In the alternative reason for admissibility, the Waco Court of Appeals put the burden upon Ms. Holman to decide the admissible and inadmissible parts of the forensic video. Stating that it was necessary for the defense to request a limiting instruction, the lower court held that the videotape was admitted for "all purposes."[24]

This holding has no basis in the law. Inadmissible hearsay testimony does not become admissible simply because it is contained within an admissible offer of evidence.[25] Sorting through challenged evidence to segregate the admissible from the excludable is not obligatory for the trial court.[26] Here, the State having presented the court with a "mixed-bag" of inadmissible hearsay, the State owed a duty to court and opposing counsel to point out or segregate those portions that might properly be offered as under its theory of admission.[27] In other words, when "several facts are included in the offer, some admissible and others inadmissible,

---

[23]     *Holman* 2015 WL 6444749, at *2 n.2.

[24]     *Id.*

[25]     *Willover v. State*, 70 S.W.3d 841, 847 (Tex. Crim. App. 2002).

[26]     *Id.*

[27]     *Edward Valves, Inc. v. Cameron Iron Works, Inc.*, 286 F.2d 933, 939 (5th Cir. 1961).

then the whole (if properly objected to) is inadmissible; in other words, it is for the proponent to sever the good and the bad parts."[28]  If the evidence is in part relevant, and in part not, an objection to admission should be sustained.[29]

D.    Conclusion.

This Court wants to know why it should expend its "scarce judicial resources to review the court of appeals reasoning about a particular legal issue."[30]  Here, the answer is simple.  The Court of Appeals decision sets it in conflict with cases from this Court, sister courts of appeals, opinions from other states, and noted commentators.

"Certainty and precision [are] required by [the] law."[31]  But the Waco Court of Appeals use of the law reflect the chaotic style of Jackson Pollock instead of exactness of Johannes Vermeer.  Simply, the law requires a review of the Court of Appeals reasoning about this legal issue.

---

[28]    *State v. Boyd*, 143 S.W.3d 36, 46 (Mo. Ct. App. 2004) (quoting 1 WIGMORE ON EVIDENCE § 170 (3d ed. 1940.)).

[29]    *Cooper v. Bower*, 96 P. 794, 795 (Kan. 1908).

[30]    *Bradley*, 235 S.W.3d at 809 (Cochran, J., concurring on the denial of a petition for discretionary review).

[31]    *Perkins v. Ramsey*, 18 U.S. 269, 276 (1820).

## PRAYER FOR RELIEF

For the reasons alleged above, Ms. Holman was denied a fair trial. Ms. Holman prays that this Honorable Court will grant this Petition, and order a brief on the merits of this case.

Respectfully submitted,

**LAW OFFICE OF STAN SCHWIEGER**

*/s/ Stan Schwieger*

Stan Schwieger
600 Austin Avenue, Suite 12
P.O. Box 975
Waco, Texas 76703-0975
(254) 752-5678
(254) 756-7792—Facsimile
E-mail: wacocrimatty@yahoo.com
State Bar No. 17880500
**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

On November 16, 2015, a copy of the Petition was delivered by the electronic filing provider to the McLennan County District Attorney's Office, Waco, Texas, attorney of record for the State of Texas and to the State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, Texas, 78711 by first class mail.

*/s/ Stan Schwieger*

Stan Schwieger

**CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4**
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.　　This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i) because this brief contains 2269 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2.　　This brief complies with the typeface requirements and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been produced on a computer in conventional typeface using WordPerfect X7 in Times New Roman 14 point font in the body of the brief and Times New Roman 12 point font in the footnotes.

3.　　This file is free of viruses or any other files that would be disruptive to the Court's computer system. The software used to ensure the brief is virus-free Norton Internet Security.


*/s/ Stan Schwieger*

_____

Stan Schwieger

2015 WL 6444749
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

DO NOT PUBLISH
Court of Appeals of Texas,
Waco.

Vivian Monroe Holman, Appellant
v.
The State of Texas, Appellee

No. 10–15–00015–CR    |    Opinion delivered and filed October 22, 2015

From the 54th District Court, McLennan County, Texas, Trial Court No. 2012–17–C2

**Attorneys and Law Firms**

Stan Schwieger, for Vivian Monroe Holman.

Andrew Erwin, Sterling A. Harmon, Gabriel Price, Abel Reyna, for The State of Texas.

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

**MEMORANDUM OPINION**

TOM GRAY, Chief Justice

 **\*1** Vivian Monroe Holman was convicted of one count of aggravated sexual assault of a child (Count I) and two counts of indecency with a child (Counts II and III). *See* Tex. Penal Code Ann. §§ 22.021; 21.11 (West 2011). She was sentenced to 60 years in prison on Count I and 20 years in prison on Counts II and III. Because the trial court did not err in admitting a video interview of the complaining witness, the trial court's judgments are affirmed.

In her sole issue, Holman contends the trial court erred in allowing the State to unlawfully demonstrate that the complaining witness, S.A., was "truthful." Specifically, Holman argues the trial court erred in admitting a video made at the Child Advocacy Center of the forensic interview of S.A. conducted by Melody York–Zuniga under the "rule of optional completeness."

A trial court's admission of evidence is reviewed for an abuse of discretion. *Tienda v.* State, 358 S.W.3d 633, 638 (Tex.Crim.App.2012). If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, we must uphold the judgment. *Sauceda v. State,* 129 S.W.3d 116, 120 (Tex.Crim.App.2004).

Initially, the State asserts that Holman's issue on appeal does not comport with the argument made at the trial court. A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial. *Lovill v. State,* 319 S.W.3d 687, 691–692 (Tex.Crim.App.2009). At first glance, it would appear that the issue does not comport. At trial, Holman argued the video was inadmissible because it was hearsay; whereas on appeal, Holman's issue states that the video was inadmissible because it unlawfully demonstrated S.A.'s truthfulness. However, the substance of the issue complains about the trial court's admission of the evidence pursuant to Rule 107, the rule of optional completeness, which is the argument the State

made for the video's admission over Holman's hearsay objection. Thus, the argument on appeal comports with the objection made at trial that was overruled.

But the State takes their complaint a step further and states that because Holman did not make the same, or any, argument against admission under Rule 107, her complaint on appeal does not comport. We disagree. Once Holman objected on the basis of hearsay, it became the State's burden as the proponent of the evidence to establish that an exception applies that would make the video admissible in spite of its hearsay character. *See Taylor v. State,* 268 S.W.3d 571, 578–579 (Tex.Crim.App.2008). The State cited Rule 107, the rule of optional completeness, as an exception. Once it convinced the trial court that the video was admissible under Rule 107, the trial court ruled on the full extent of Holman's objection, and appellate error has been preserved as to whether the video was admissible under that exception. *See e.g. McFarland v. State,* 845 S.W.2d 824, 837 (Tex.Crim.App.1992) (relevance objection preserved error as to ultimate admissibility of evidence under Rule 404(b)). Holman's issue is preserved.

**\*2** Generally, hearsay statements are not admissible unless the statement falls within a recognized exception to the hearsay rule. [1] *Pena v. State,* 353 S.W.3d 797, 814 (Tex.Crim.App.2011). Texas Rule of Evidence 107, known as the rule of optional completeness, is such an exception:

> When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given.

TEX.R. EVID. 107 (eff. March 1, 1998, amended eff. April 1, 2015); *Id.* This evidentiary rule is one of admissibility and permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter "opened up" by the adverse party. *Walters v. State,* 247 S.W.3d 204, 218 (Tex.Crim.App.2007). It is designed to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing. *Id.*

Rule 107 does not permit the introduction of other similar, but inadmissible, evidence unless it is necessary to explain properly admitted evidence. *Id.* It is not invoked by the mere reference to a document, statement, or act. *Id.* Additionally, to be admitted under the rule, "the omitted portion of the statement must be 'on the same subject' and must be 'necessary to make it fully understood.' " *Pena,* 353 S.W.3d at 123 (quoting *Sauceda v. State,* 129 S.W.3d 116, 123 (Tex.Crim.App.2004)).

Holman first contends that the video was not admissible under Rule 107 because she did not introduce any portion of the video in her cross-examination of the State's witness, Melody York–Zuniga. However, the specific introduction of the video by Holman is not required before the State could invoke Rule 107. *See Credille v. State,* 925 S.W.2d 112, 116–117 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). Several times during cross-examination, Holman specifically inquired into what was said in the Holman v. State Page 4 interview, such as, "did she tell you that she lies a lot sometimes," and "she mentioned the fact that occasionally she tells lies." Holman also suggested during cross-examination that S.A. would try to draw Zuniga's attention away from the question asked so that S.A. would not have to answer the question. As in *Credille,* Holman's cross-examination would have left a false impression as to S.A.'s credibility. Thus, the State was entitled to offer any other evidence necessary to make the interview "fully understood." *See id.* at 117 (because appellant inquired into the videotaped conversation, the State was entitled to offer any other evidence that was necessary to make the conversation fully understood). *See also Mick v. State,* 256 S.W.3d 828, 832 (Tex.App.—Texarkana 2008, no pet.) (same).

Next, Holman contends that, assuming Rule 107 was applicable, only the portion of the video where Zuniga and S.A. discussed the difference between the truth and a lie should have been introduced. However, Holman's attack on the victim's credibility did not encompass just this portion of the interview. As stated previously, Holman also suggested that the victim would try to draw Zuniga's attention away from the question asked so that she would not have to answer the question. Thus, it was necessary to show these instances in the context of the entire interview. [2] *See Credille,* 925 S.W.2d at 117.

**\*3** Accordingly, the trial court did not abuse its discretion in admitting the video interview of the victim. Holman's sole issue is overruled, and the trial court's judgments are affirmed.

**All Citations**

Not Reported in S.W.3d, 2015 WL 6444749

Footnotes

1      Neither party contends the video at issue is not hearsay.

2      Further, Holman did not request any limitation on the video's admissibility. A party opposing evidence has the burden of objecting and requesting a limiting instruction at the time the evidence is admitted as to any portion of the evidence that is objectionable for another reason or admissible only for a limited purpose. *See* Tex.R. Evid. 105(a); *Hammock v. State,* 46 S.W.3d 889, 892 (Tex.Crim.App.2001). Without a request for a limiting instruction, it was admitted for all purposes. *See Hammock,* 46 S.W.3d at 895 (recognizing that once evidence is admitted without limiting instruction, it may be used for all purposes).

**End of Document**                                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.